```
                    UNITED STATES DISTRICT COURT         RECEIVED
                    DISTRICT OF SOUTH CAROLINA     USDC CLERK, CHARLESTON, SC

                                                       2006 DEC 20  A 10: 37

Michael James Cline,          )    C/A No. 2:06-0037-HMH-RSC
                              )
              Plaintiff,      )
                              )
           -versus-           )    REPORT AND RECOMMENDATION
                              )
Dr. Louis Lawson; Tom Fox,    )
Director of J. Reuben Long    )
Detention Center; Dr. James E.)
Lee; and Anne Anderson,       )
                              )
              Defendants.     )
```

This civil rights action under 42 U.S.C. § 1983[1] (West 1994 & Supp. 1998) brought by Michael James Cline, a state prisoner proceeding pro se and in forma pauperis, is before the undersigned United States Magistrate Judge for a report and recommendation on Defendants' motions for summary judgment and Plaintiff's motion for summary judgment. 28 U.S.C. § 636(b).

On December 29, 2005, the Plaintiff, Michael James Cline,

---

[1] Section 1983, titled a civil action for deprivation of rights reads in relevant portion:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

1

sued Dr. Louis Lawson, Dr. James E. Lee, Nurse Anne Anderson, and Tom Fox, the Director of the J. Reuben Long Detention Center in Conway, South Carolina, and alleged that he was denied proper medical care in the extraction of a tooth and for a resulting dry socket following the extraction, as well as follow-up medical care during his pretrial detention. Plaintiff seeks damages and equitable relief.

On August 8, 2006, Defendants Fox and Anderson filed a motion for summary judgment. On August 9, 2006, the Plaintiff was provided a copy of the defendants' motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On August 21, 2006, the Plaintiff filed a response in opposition to the Defendants' motion as well as a cross-motion for summary judgment. Next, on October 13, 2006, Defendants Lawson and Lee filed a motion for summary judgment and on October 18, 2006, Plaintiff was provided another Roseboro order. On November 13, 2006, Plaintiff filed a response in opposition to the defendants' motion as well as another cross-motion for summary judgment. On November 22, Defendants Lawson and Lee filed a reply. Plaintiff filed another pleading on December 6, 2006, in opposition to the motions. Hence, it appears consideration of the motions is appropriate.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56(c) have been met. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Summary judgment is mandated where the party opposing the motion has failed to establish the existence of an element essential to his case, and on which he bears the burden of proof. Id., 477 U.S. at 322. The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party, however, need not offer proof that negates the opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim. The party opposing summary judgment must then point to facts evidencing a genuine issue for trial. Fed. R. Civ. P. 56(c); see also, Anderson v. Liberty Lobby. Inc., 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). If

the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. See, Anderson, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. Id., 477 U.S. at 252.

### INADEQUATE MEDICAL CARE

Plaintiff alleges that the defendants were deliberately indifferent to his serious medical needs in their treatment of his teeth. Because Plaintiff was a pretrial detainee at the time of the alleged deliberate indifference, he may not assert a deliberate indifference claim under the Eighth Amendment, but may under the Fourteenth Amendment instead. See, Martin v. Gentile, 849 F.2d 863, 870 (4th Cir.1988). "A pretrial detainee makes out a due process violation if he shows deliberate indifference to serious medical needs within the meaning of Estelle v. Gamble, 429 U.S. 97, 104-06, 97 S.Ct. 285 (1976)." Id. at 871.

In Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078 (1986), the United States Supreme Court explained its holding in Estelle to mean that "negligen[ce] in diagnosing or treating a medical condition did not suffice to make out a claim of cruel and unusual punishment." Rather, "[i]t is obduracy and

4

wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cell block." Id.

### **COLLATERAL ESTOPPEL**

Collateral estoppel prevents the relitigation of an issue of fact or law that was settled in a previous case. See, Allen v. McCurry, 449 U.S. 90, 94 (1980). It is related to the doctrine of res judicata, but it "can be applied to narrower portions of an action than is the case for res judicata." United States v. Tatum, 943 F.2d 370, 382 (4th Cir. 1991). Collateral estoppel "precludes relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate." Virginia Hosp. Ass'n v. Baliles, 830 F.2d 1308, 1311 (4th Cir. 1987).

In order to establish the applicability of collateral estoppel, the proponent must establish that: (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a critical and

necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum. Sedlack v. Braswell Servs. Group. Inc., 134 F.3d 219, 224 (4th Cir. 1998); see also, Ramsay v. INS, 14 F.3d 206, 210 (4th Cir. 1994).

## DISCUSSION

The Defendants assert and the Plaintiff revealed on the face of his sworn complaint, that he has once litigated the issue of medical malpractice from the delicts he asserts in the instant action. Plaintiff brought suit in the South Carolina Court of Common Pleas in Horry County on September 23, 2004, which suit was dismissed on the merits by the Honorable R. Markley Dennis, Jr. on October 26, 2005. Judge Dennis found that the Defendants were entitled to summary judgment since, after discovery, the Plaintiff had established no negligence in his dental treatment.[2]

---

[2] South Carolina law provides the appropriate standards for that determination. The burden of proof of negligence, proximate cause, and injury in a medical malpractice case is on the plaintiff throughout. A plaintiff in a medical malpractice action must prove, by a preponderance of the evidence, 1) the generally recognized practices and procedures which would be exercised by competent practitioners in a defendant doctor's field of medicine under the same or similar circumstances; 2) that the defendant doctor negligently deviated or departed from the recognized and generally accepted standards, practices and procedures; 3) that such negligent deviation from the generally accepted standards, practices and procedures was a proximate cause of the plaintiff's injury; and 4) that the plaintiff was injured. Cox v. Lund, 286 S.C. 410, 334 S.E.2d 116, 118 (S.C. 1985); Dumont v. United States, 80 F.Supp.2d 576, 581 (D.S.C.

6

Thus, a final judgment was made on the merits of the Plaintiff's negligence claim in the first suit. The issue sought to be precluded, i.e. Plaintiff's § 1983 claim, requires as proof much more than the negligence which Plaintiff failed to establish in his previously litigated suit. A pre-trial detainee makes out a claim under the eighth amendment if he can establish that the prison medical personnel responsible for his care were deliberately indifferent to his serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976); <u>Amos v. Maryland Dep't of Pub. Safety & Correctional Servs.</u>, 126 F.3d 589, 610 (4th Cir. 1997), vacated in part on other grounds, 118 S.Ct. 2339, 141 L.Ed.2d 710 (1998). These requirements go beyond a showing of mere negligence, and requires Plaintiff to establish that the defendant acted with a deliberate indifference which would "offend evolving standards of decency." <u>Id.</u>; <u>Sosabee v. Murphy</u>, 797 F.2d 179 (4th Cir. 1986).

In short, a finding in the prior action that no negligence was committed necessarily precludes a finding that a constitutional violation occurred in the instant action.

Further, the prior claim was actually determined in the state proceeding and the determination of the issue was a critical and necessary part of the decision in the first case. The prior judgment is final and valid and Plaintiff had a full

---

2000) (citing <u>Ellis v. United States</u>, 484 F.Supp. 4, 10-11 (D.S.C. 1978)).

7

and fair opportunity to litigate the issue in the first case. Plaintiff's § 1983 claim should be dismissed as barred by the doctrine of collateral estoppel.

## **CONCLUSION**

Accordingly, for the aforementioned reason, it is recommended that the defendants' motions for summary judgment be granted, all other motions be deemed moot, and this action ended.

Respectfully Submitted,

*/s/ Robert S. Carr*

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

December **20**, 2006

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

9