IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Michael James Cline, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 2:06-0037-HMH-RSC |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Dr. Louis Lawson; Tom Fox, Director of J. Reuben Long Detention Center; Dr. James E. Lee; and Anne Anderson, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Robert S. Carr, made in accordance with 28 U.S.C. § 636(b)(1) (West Supp. 2006) and Local Civil Rule 73.02 of the District of South Carolina.¹ Michael James Cline ("Cline"), a state prisoner proceeding pro se, alleges various violations to his civil rights under 42 U.S.C. § 1983. In his Report and Recommendation, Magistrate Judge Carr recommends granting the Defendants' motions for summary judgment because Cline's claim of deliberate indifference to his serious medical needs in violation of the Eighth Amendment is barred by the doctrine of collateral estoppel.

Cline filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a

---

¹ The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Cline's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. Moreover, after review, the court finds that the Plaintiff has failed to demonstrate deliberate indifference to his serious medical needs.

Cline complains that the Defendants were deliberately indifferent to his serious medical needs in the treatment of his teeth. Cline had a tooth extracted and developed dry socket, which was treated by the Defendants. (Compl. 3.) Further, Cline complains that the Defendants failed to extract four other decayed teeth that were ultimately extracted several months later when he was transferred to the South Carolina Department of Corrections Reception & Evaluation Center. (Id.) "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Cline has alleged negligence on the part of the Defendants. Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge Carr's Report and Recommendation.

Therefore, it is

**ORDERED** that the Defendants' motions for summary judgment, docket numbers 25 and 34, are granted. It is further

**ORDERED** that all other pending motions are deemed moot.

**IT IS SO ORDERED**.

                                              s/Henry M. Herlong, Jr.
                                              United States District Judge

Greenville, South Carolina
January 8, 2007

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.